**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
TYRONE BARNES,                      :
                                    :   Civil Action No.
            Petitioner,             :   10-1176 (SRC)
                                    :
       v.                           :   **M E M O R A N D U M**
                                    :   **O R D E R**
LARRY GLOVER,                       :
                                    :
            Respondent.             :
_____ :

    This matter comes before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), pursuant to § 2254, and it appearing that:

1.  On June 20, 2003, petitioner named "Tyrone D. Barnes," having identification number "124839-864337B," filed a § 2254 petition challenging his sentence rendered by the Superior Court of New Jersey, Law Division, Essex County (and clarifying that his conviction and sentence were affirmed by the Appellate Division on April 20, 1998, and with regard to which the Supreme Court of New Jersey denied him certification). See Barnes V. Macfarland, 03-2973 (JLL) (D.N.J.), Docket Entries No. 1 and 16, at 5-6 (§ 2254 petition and Judge Linares' decision detailing its content).

2.  During the aforesaid proceedings before Judge Linares, Judge Linares duly advised the petitioner of his Mason rights, clarifying to him that a § 2254 habeas litigant was obligated

to marshal all his <u>habeas</u> challenges to any particular determination in one, all inclusive petition. <u>See id.</u>, Docket Entry No. 6. In response to Judge Linares' <u>Mason</u> notice, the petitioner informed Judge Linares that he wished to proceed with his challenges as they were stated in the original petition. <u>See id.</u> Docket Entry No. 7. On August 9, 2004, Consequently, Judge Linares issued an order and accompanying opinion denying that § 2254 petition. <u>See</u> Docket Entries Nos. 16 and 17.

3. More than half-a-decade passed by and, on March 5, 2010, the Clerk received the instant § 2254 application from Petitioner. Petitioner clarified that his name was "Tyrone Barnes," and that his identification number was "124839." Petitioner further clarified that his conviction and sentence were affirmed by the Appellate Division on April 20, 1998. <u>See</u> Instant Matter, Docket Entry No. 1, at 2. After stating so, Petitioner proceeded with his challenges to his conviction. <u>See id.</u> at 4. It appears that this challenges have not been exhausted in the state courts. <u>See id.</u> at 3-6.

4. This Court gathers that Petitioner here (Tyrone Barnes, ID# 124839) and the petitioner in Judge Linares' case (Tyrone D. Barnes, ID# 124839-864337B) is the same person. Moreover, it appears that Petitioner here and the petitioner in Judge Linares' case challenges the same determination, <u>i.e.</u>, the

conviction and sentence with regard to which appeal was denied by the Appellate Division on April 20, 1998. Consequently, the application at hand appears second/successive to the petition entertained by Judge Linares in <u>Barnes V. Macfarland</u>, 03-2973 (JLL).

5. As Judge Linares already explained to Petitioner in his <u>Mason</u> notice, a habeas litigant seeking a writ under § 2254 is obligated to marshal all his claims in an all-inclusive application. This Court, therefore, is without jurisdiction to entertain Petitioner's second/successive § 2254 petition unless the United States Court of Appeals for the Third Circuit grants Petitioner leave to file such second/successive § 2254 petition.

6. In a typical scenario, this Court would construe Petitioner's instant Petition as an application to the Court of Appeals seeking leave to file a second/successful § 2254 petition, and would direct the Clerk, accordingly, to forward Petitioner's instant Petition to the Court of Appeals. However, since Petitioner's challenges stated in the instant application appear unexhausted, the Court finds such forwarding not in the interests of justice, since all Petitioner's § 2254 claims might anyway be subject to dismissal for failure to meet the exhaustion requirement even in the event the Court of Appeal grants Petitioner leave to file his instant Petition.

Therefore, the Court will dismiss the application at hand for lack of jurisdiction without directing the Clerk to forward the instant application to the Court of Appeals. However, the Court stresses that:

a. the Court's decision not to forward the instant application to the Court of Appeals in no ways prevents Petitioner from seeking leave from the Court of Appeal on Petitioner's own; but

b. this Court's notification of Petitioner of his right to seek such leave from the Court of Appeals -- or any other statement made in this Memorandum Order -- shall not be construed as expressing the Court's opinion as to procedural or substantive validity or invalidity of the application at hand.

IT IS on this ___14___ day of ___April___, 2010,

ORDERED that the Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, Docket Entry No. 1, is DISMISSED for lack of jurisdiction; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Order upon Petitioner, by regular U.S. mail, and shall close the file on this matter.

_____
**STANLEY R. CHESLER**
**United States District Judge**